DOWNEY, Judge.
This is a timely appeal from a judgment of conviction and sentence of 364 days in jail, to be followed by ten years of probation, for the offense of grand theft, in violation of section 812.014(2)(a), Florida Statutes.
The appellant was charged by information with grand theft of more than $20,000 worth of citrus fruit from the Hubert Graves Packing Company, Inc. Pursuant to plea negotiations, the appellant pleaded nolo contendere to the charge, on the understanding that another information *573 charging grand theft from Vero Citrus Sales, Inc., would be nolle prossed.
The appellant was adjudicated guilty and sentenced to serve 364 days in the county jail, to be followed by ten years of probation, during which time he was to make restitution of $109,042.26 to Hubert Graves Packing Company and $94,179.77 to the grove, Vero Citrus Sales, Inc., (the victim in the nolle prossed case) at a rate of no less than $1,200 per year.
This appeal was perfected to review the trial court’s order requiring, as a condition of probation, that appellant make restitution to Vero Citrus Sales, Inc., the victim in the case that was nolle prossed as a part of the plea bargain. Appellant contends that restitution should relate only to the specific crime for which he was convicted and that crime involved only Hubert Graves Packing Company.
Restitution to Vero Citrus Sales, Inc., was not part of the plea bargain. In fact at the time the plea was presented to the court appellant’s attorney advised the court that the State was not seeking restitution in the Vero Citrus case because it was the subject of civil litigation. It appears the trial judge simply decided to require restitution for the nolle prossed case also.
We held in Crowder v. State, 334 So.2d 819 (Fla. 4th DCA 1976) that requiring restitution for an unrelated case would only be appropriate if the defendant acknowledged the theft and agreed to make restitution, all as part of the plea bargain. Absent such acknowledgment and consent the cases, including our own, seem to hold the court is precluded from requiring restitution for other cases or counts which have been nolle prossed. See also W.N. v. State, 426 So.2d 1206 (Fla. 4th DCA 1983).
Accordingly, the condition of probation requiring restitution to Vero Citrus Sales, Inc., is reversed and the trial court is directed to eliminate it from the conditions of probation imposed.
HURLEY and WALDEN, JJ., concur.