547 So.2d 300 (1989)
Lynn Latrenda JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1791.
District Court of Appeal of Florida, Third District.
August 8, 1989.
*301 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
Defendant appeals her conviction as an accessory after the fact and also appeals a post-conviction order for restitution in the amount of $89,731.44. Assuming arguendo defendant's challenge to the sufficiency of the evidence was properly preserved for appellate review, we conclude the evidence was sufficient and affirm the conviction. As it is undisputed that the restitution orders were entered without an opportunity for defendant to be heard, the restitution order is vacated and remanded for a hearing pursuant to the provisions of section 775.089, Florida Statutes (1987). See Howren v. State, 510 So.2d 1142, 1144 (Fla. 2d DCA 1987).
For purposes of the remand we would note that restitution may be ordered "for damage or loss caused directly or indirectly by the defendant's offense." § 775.089(1)(a), Fla. Stat. (1987); State v. Williams, 520 So.2d 276, 277 (Fla. 1988). Defendant may not be ordered to pay restitution for damages arising out of crimes for which she was acquitted. Simmons v. State, 484 So.2d 104 (Fla. 4th DCA 1986); see also Seiler v. State, 534 So.2d 1236 (Fla. 5th DCA 1988); Bass v. State, 462 So.2d 572 (Fla. 4th DCA 1985).
Defendant can, of course, be ordered to make restitution for injury she inflicted directly on the victim during her actions as accessory after the fact. Defendant contends there were no such injuries, but that contention should be presented to the trial court on remand.
Defendant also contends that her acquittal on the charges of attempted murder and robbery precludes assessment of restitution against her for her codefendant's actions in shooting the victim. We agree with respect to the initial injury. However, the defendant drove the codefendant away from the scene of the shooting, for which she was convicted as accessory after the fact. In so doing, the defendant left the seriously wounded victim to fend for himself. He survived, but with permanent injuries.
The statute does permit the assessment of restitution for damages caused indirectly, as well as directly, by defendant's offense. § 775.089(1)(a), Fla. Stat. To the extent that defendant elected to flee, rather than transport the victim to the hospital, there was a delay in the victim's receiving medical assistance. If there was any demonstrable aggravation of the victim's injury by reason of the delay, that would be an indirect injury cognizable under the statute.
Conviction and sentence affirmed; order of restitution vacated and remanded for a new hearing.