BASKIN, Judge.
The subject of Brenda Springs’ appeal is a trial court order requiring her to pay restitution. We affirm.
*280 Brenda Springs was found guilty by a jury and convicted of robbery with a deadly weapon and of being an accessory after the fact to a co-defendant’s offenses; she was acquitted of the charge of attempted first degree murder. During a hearing to determine the amount of restitution to be imposed, defendant Springs objected on the ground that the victim’s injuries were incurred during the attempted murder of which she was acquitted, and not during the robbery. The trial court disagreed and ordered her to pay restitution for the victim’s injuries pursuant to section 775.-089(l)(a), Florida Statutes (1985).
Section 775.089(l)(a), Florida Statutes (1985), provides that an order of restitution is appropriate when the loss to the victim is caused “directly or indirectly by the defendant’s offense.” As a prerequisite to the entry of such an order, the Florida Supreme Court requires the existence of a significant relationship between the crime committed and the damages incurred. State v. Williams, 520 So.2d 276 (Fla.1988); J.S.H. v. State, 472 So.2d 737 (Fla.1985).
Analyzing the facts before us, we conclude that although the victim’s injuries could have been sustained during the attempted murder, her wounds were inflicted during the course of the robbery. Robbery is “the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.” § 812.081, Fla.Stat. (1985). Victim injury is causally related to the use of force or violence. Furthermore, the crime of robbery is not complete upon the seizure of the money, Jefferson v. State, 128 So.2d 182 (Fla.1961); absent a break in the chain of circumstances, the injury sustained by the victim during the robbery is a result of the robbery. See Campbell v. State, 227 So.2d 873 (Fla.1969), petition dismissed, 400 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33 (1970); see also Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981); Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987); State v. Hacker, 510 So.2d 304 (Fla. 4th DCA 1986). The evidence demonstrates that the victim’s injuries were inflicted during the perpetration of the robbery. Accordingly, we find no error in the imposition of restitution.
Affirmed.