ERVIN, Judge.
Pulwicz appeals that portion of a sentence imposing restitution, as a condition of his probation and community control, for certain medical and funeral expenses incurred by the victim and the victim’s family as a result of appellant’s conviction for leaving the scene of an accident.[1] He contends that there was no reasonable relationship between the expenses incurred and the offense. We agree and reverse.
In its answer brief the state concedes error in the award of such restitution, stating that “the record fails to establish sufficient causal connection between the offenses which the defendant was convicted of and the injuries for which restitution was ordered. Therefore, the restitution order should be reversed.” The state nevertheless contends that the appropriate remedy is not simple reversal of the order, but rather reversal and remand with directions to the trial court to conduct a hearing for the purpose of determining if any delay caused by the defendant’s leaving the scene of the accident may have increased the damages suffered by the victim.
*66 We agree that reversal is required, but decline the state’s invitation to remand the cause for the purpose of undertaking such a determination. In support of its position the state cites Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989), in which the Third District remanded the case for a hearing. Johnson, however, is distinguishable from the case at bar in that the restitution order was entered without an opportunity for the defendant to be heard. There is nothing in the Third District’s opinion reflecting that the state did not otherwise meet its burden of demonstrating that the loss the victim sustained was caused by the defendant’s offense. See Section 775.089(7), Florida Statutes (1987).
Accordingly, we strike the condition of probation and community control requiring appellant to make restitution of certain medical and funeral expenses incurred on the victim’s behalf, as well as that portion directing him to pay child support on behalf of the victim’s minor children. Cf. State v. Williams, 520 So.2d 276 (Fla.1988).
In so concluding, we observe that under the circumstances, a civil — rather than a criminal — forum would be the preferred forum in which to establish the appellant’s responsibility, if any, for damages suffered as a result of his failure to promptly stop and offer aid at the scene of the accident.
REVERSED.
WIGGINTON and MINER, JJ„ concur.

. Appellant was also convicted of filing a false report that his vehicle had been stolen. Although the victim died shortly after being struck by appellant’s car, appellant was not charged with homicide.