585 So.2d 418 (1991)
Reginald D. BARKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3121.
District Court of Appeal of Florida, First District.
August 30, 1991.
Steven L. Seliger, Quincy, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia Doss, Asst. Atty. Gen., Tallahassee, for appellee.
*419 ZEHMER, Judge.
This is an appeal from an order imposing restitution in a criminal case. Barkley contends that the trial court unlawfully imposed this restitution as punishment for conduct of which he was found not guilty. We agree and reverse for the following reasons.
Barkley was charged by information with second-degree murder with a firearm, tampering with or fabricating physical evidence, and carrying a concealed weapon. After a three-day trial, the jury found him guilty of the lesser included offense of culpable negligence (as to the murder charge) and guilty of carrying a concealed firearm. The jury could not reach a verdict on the tampering charge. Judgment of conviction was entered in accordance with the jury verdict, and Barkley was sentenced to 11 months, 29 days on the culpable negligence charge and 5 years' probation on the carrying a concealed firearm charge. Barkley was also ordered to pay restitution to the victim's family in the amount of $3,500 to cover the cost of the funeral expenses as additional punishment pursuant to the culpable negligence charge.
Barkley was charged with the shooting death of Tiffany Lawson. Lawson's death occurred when several shots were fired in a crowd, and it was undisputed that Barkley had a gun and shot the gun during the episode in which Lawson was killed.[1] The question for the jury was whether Barkley's gunshot or some other gunshot killed Lawson. Accordingly, the jury was instructed on second degree murder with a firearm, manslaughter with a firearm, and culpable negligence. The murder and manslaughter instructions included as an essential element that Lawson's death was caused by Barkley. The manslaughter instruction also included as an element that "the death was caused by the act of the defendant, or the culpable negligence of the defendant, Reginald Barkley." The culpable negligence instruction, however, contained just two elements:
One, the defendant, Reginald Barkley, exposed Tiffany Lawson to personal injury, or inflicted actual personal injury on her.
Two, he did so through culpable negligence. Actual injury is not required.
It is obvious, therefore, that to find Barkley guilty of second degree murder or manslaughter through culpable negligence, the jury had to find that his shot caused Lawson's death. On the other hand, if the jury was unable to find that it was Barkley's shot that killed Lawson, they could still find Barkley guilty of culpable negligence by exposing Lawson to danger from the gunshot.
It is obvious from the verdict that the jury did not find Barkley's shot killed Tiffany Lawson, and as a consequence the jury found him guilty only of culpable negligence by firing his gun in a manner that exposed Lawson to personal injury. Had the jury found that Barkley's shot killed Lawson and that he was culpably negligent, it would have been required to find him guilty of manslaughter under the instructions given. We agree with the trial court's analysis that "[t]he jury concluded that the pistol you [Barkley] fired did not result in the death of this young lady. The jury could have just as equally, based on the evidence presented, found you guilty of that offense. Those are jury decisions." Accordingly, the jury verdict does not support the conclusion that Barkley caused the death of Tiffany Lawson.
Since the jury concluded that Barkley's shot did not kill Lawson, it is necessary to review section 775.089, Florida Statutes (1989), the statutory authority for imposing restitution in criminal cases, to determine whether restitution for funeral expenses was appropriate under the jury verdict. That statute provides in part:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense... .

*420 (2) When an offense has resulted in bodily injury to a victim, a restitution order entered pursuant to subsection (1) shall require that the defendant:
* * * * * *
(d) In the case of an offense which resulted in bodily injury that also resulted in the death of the victim, pay an amount equal to the cost of necessary funeral and related services.
This statute includes the specific requirement of causation between the criminal offense of which the defendant was convicted and the death of the victim, and this causation requirement has been construed to preclude restitution where the damages would have occurred irrespective of the defendant's having committed the offense of which he was convicted. State v. Williams, 520 So.2d 276 (Fla. 1988). Therefore, a defendant may not be ordered to pay restitution for damages arising out of crimes of which he was acquitted. Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989). Appellant's acquittal of both murder and manslaughter, and the resulting implication that he did not cause the victim's death, thus precludes the assessment of restitution under section 775.089 for funeral and related services as was done by the appealed order.
Accordingly, the order of restitution is REVERSED.
ERVIN and MINER, JJ., concur.
NOTES
[1] The assistant state attorney described Barkley's conduct as having "at least created, caused, participated in the confusion that was her death. And I think that, I mean, you've got a stampede environment out there. People running every which a way. Guns are going off. So, I think that he's, at a minimum, the spoon stirring the pot, here."