WOLF, Judge.
Defendant, Dennis Gourley, challenges a postconviction order for restitution in the amount of $1,540,000 which was entered following a conviction for aggravated assault and accessory after the fact. Appellant asserts that the injuries suffered by the victim were not caused directly or indirectly by his conduct. We agree and reverse.
Appellant and his codefendant were involved in an argument with three men outside a bar.[1] As they attempted to leave the bar in appellant’s truck, the codefendant took his rifle from behind the passenger seat and shot toward the bar. After the shot, appellant drove away. Appellant asserted that he did not know his codefend-ant was going to shoot the gun, or he would have tried to stop him. The victim was shot in the head and was paralyzed on his left side as a result of the shooting. The restitution is related to these injuries.
Appellant was originally charged with two counts of attempted first degree murder, aggravated battery, shooting into a building, possession of a firearm by a convicted felon, and possession of a concealed weapon. Appellant pled nolo contendere to accessory after the fact, a lesser-included offense of the attempted murder charge, and to aggravated assault. The codefend-ant was sentenced to 15 years in prison, suspended after serving seven years with the balance being probation.[2] Appellant received a year in county jail, and was ordered to pay $1,540,000 restitution.
An order of restitution is appropriate when the loss to the victim is caused “directly or indirectly by the defendant’s offense.” § 775.089(l)(a), Fla.Stat. (1989). There must be a significant relationship between the crime committed and the damage to the victim in order for a restitution order to be appropriate. Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991); Springs v. State, 553 So.2d 279 (Fla. 3rd DCA 1989). Where the evidence does not establish a significant relationship between the crime and the loss suffered, a restitution order must be overturned. Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991).
In the instant case, the injuries for which restitution was ordered were sustained as a result of a gunshot fired by the codefendant. There is no evidence that appellant acted in concert with the code- *484 fendant in the shooting,[3] or that appellant s actions after the shooting resulted in a delay in obtaining medical treatment or in any further injury to the victim. Cf. Johnson v. State, 547 So.2d 300 (Fla. 3rd DCA 1989). The restitution order is, therefore, quashed, and the case is remanded to the trial court for entry of an appropriate order.
ERVIN and WIGGINTON, JJ., concur.

. Sometime during the argument, appellant pulled a knife. Appellant asserts that the knife was pulled in an attempt to withdraw from the fight. It appears that this was the basis of the aggravated assault conviction of the defendant.

. It is unclear whether the codefendant was also held responsible for restitution.

. The conviction for accessory after the fact is inconsistent with a finding that the appellant and codefendant acted in concert in the shooting.