POLEN, Judge.
Appellants, along with a man named Rúales, went to the home of Alcides Cara-ballo, whom they all knew, although their purpose was in dispute. A serious brawl ensued at the victim’s house, and the appellants were charged with armed burglary and aggravated battery. After a jury trial, the appellants were convicted of the lesser included offense of trespass of a structure with a human being inside and found not guilty on the aggravated battery charges. The appellants were placed on probation and ordered to pay restitution to the victim for medical expenses. The appellants contested their judgments of conviction and their sentences, arguing that the trial court should have granted a judgment of acquittal and that there was no basis for the trial court’s orders of restitution. We disagree with the appellants and affirm the judgments of conviction and sentences.
First, we find no merit in the appellants’ arguments concerning the trial court’s denial of their motion for judgment of acquittal. Although the facts were very much in dispute, there was plenty of evidence presented by the state to overcome the appellants’ motion, especially when viewed in the light most favorable to the state. State v. Law, 559 So.2d 187 (Fla.1989).
The appellants argued that since they were only convicted of trespass of a dwelling with a human being inside, they *506 cannot be held responsible for the victim’s medical expenses under the restitution statute, section 775.089, Florida Statutes (1989). We find that, under the facts of this case, there was a sufficient nexus between the crime for which the appellants were convicted and the damages to the victim. We rely on State v. Williams, 520 So.2d 276 (Fla.1988), and Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991,) in reaching our conclusion.
The judgments of conviction and sentences of the appellants are affirmed.
DOWNEY, J., concurs.
ANSTEAD, J., dissents in part with opinion.