STEVENSON, Judge.
Appellant was tried by jury, acquitted of an attempted murder charge and found guilty of two charges of aggravated assault; he then entered a guilty plea to an outstanding charge of possession of a firearm by a convicted felon. We affirm the aggravated assault convictions and sentences for same without discussion, but reverse the sentence entered on the firearm charge.
After the guilty verdicts were returned on the two aggravated assault charges, a discussion ensued between the court and counsel concerning the outstanding charge of possession of a firearm by a convicted felon. The trial judge inquired and stated the following: “So he does or does not want to plea? Let’s put it this way, whatever sentence I impose it’s going to run concurrent.” Thereupon, appellant entered a guilty plea to the charge. Both cases were reset for sentencing. The trial court sentenced appellant to concurrent eight and one-half (8½) year prison sentences as an habitual felony offender on the two aggravated assault charges, but sentenced appellant to a consecutive term of five (5) years probation on the firearm charge.
We agree with appellant that the trial judge failed to abide by his representation to appellant that any sentence on the possession of a firearm by a convicted felon charge *1103 would run concurrently with the sentences on the aggravated assault charges. The trial judge plainly stated that “whatever sentence” he imposed would run “concurrent”. Thus, the trial judge had an affirmative duty to give appellant the opportunity to withdraw his plea where the sentence given was consecutive and not concurrent as promised. See Rodriguez v. State, 624 So.2d 380 (Fla. 4th DCA 1993); Tamers v. State, 284 So.2d 402 (Fla. 4th DCA 1973). We therefore must remand this cause to the trial court with directions that appellant be allowed to withdraw his plea and plead anew.
We also agree with appellant that the trial court erred in ordering him to pay restitution for injuries caused to the victim as a result of the attempted murder charge, of which appellant was acquitted. Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989) (defendant may not be ordered to pay damages arising out of crimes for which he was acquitted).
Affirmed in part, reversed in part and remanded.
GLICKSTEIN and GUNTHER, JJ., concur.