BARFIELD, Judge.
The revocation of appellants’ probations are affirmed. The conditions of probation to which no contemporaneous objections were raised at the original sentencing are also affirmed.[1] However, the condition requiring appellants to pay restitution for the shooting victim’s death, to which a contemporaneous objection was raised, is reversed in light of the fact that appellants were acquitted on the third degree murder charge.[2]
MINER and WOLF, JJ., concur.

. See this court’s opinion in Carter v. State, 640 So.2d 1237 (Fla. 1st DCA 1994).

. See DeLong v. State, 638 So.2d 1054 (Fla. 2d DCA 1994); Jackson v. State, 634 So.2d 1102 (Fla. 4th DCA 1994); Burke v. State, 596 So.2d 484 (Fla. 4th DCA 1992); Barkley v. State, 585 So.2d 418 (Fla. 1st DCA 1991); Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989); Simmons v. State, 484 So.2d 104 (Fla. 4th DCA 1986); Bass v. State, 462 So.2d 572 (Fla. 4th DCA 1985). But see Durand v. State, 590 So.2d 505 (Fla. 4th DCA 1991) (“there was a sufficient nexus between the crime for which the appellants were convicted and the damages to the victim”); Springs v. State, 553 So.2d 279 (Fla. 3d DCA 1989) ("although the victim’s injuries could have been sustained during the attempted murder, her wounds were inflicted during the course of the robbery”).