667 So.2d 488 (1996)
Kenneth L. HENNINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-644.
District Court of Appeal of Florida, First District.
February 6, 1996.
Drew S. Pinkerton of Smith, Grimsley, Bauman, Pinkerton, Petermann, Saxer & Wells, Ft. Walton Beach, for Appellant.
Robert A. Butterworth, Attorney General; Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Kenneth L. Henninger appeals his single conviction and sentence for DUI, after being charged with and acquitted by a jury of the greater offenses of DUI manslaughter and DUI involving simple injury in connection with a head-on collision in which the driver of the other vehicle was fatally injured. We affirm the conviction and sentence, except for the restitution requirement which we are constrained to reverse.
In affirming, we agree with the trial court that suppression of the blood alcohol evidence was not warranted in this case, since the collective knowledge of the police officers provided the necessary probable cause to order the blood test. See Johnson v. State, 660 So.2d 648, 657-58 (Fla. 1995); Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984). Moreover, we find that the chemical analysis of Henninger's blood was *489 performed "substantially" in compliance with approved methods as required by section 316.1933(2)(b), Florida Statutes (1993).
We must reverse that portion of Henninger's sentence which requires restitution pursuant to section 775.089, Florida Statutes (1994 Supp.). In the sentence, in addition to imposing jail time and other punishment, the trial court ordered Henninger to make restitution of $12,819 to the family of the deceased driver for expenses related to that driver's injury and death. Because the restitution ordered here relates solely to damages arising out of an injury and death of which Henninger was charged and acquitted by the jury, this restitution is precluded by the specific causation requirement in section 775.089. Carter v. State, 640 So.2d 1237, 1238 (Fla. 1st DCA 1994) (condition requiring defendants to pay restitution for shooting victim's death reversed where defendants were acquitted on the third degree murder charge); Barkley v. State, 585 So.2d 418, 420 (Fla. 1st DCA 1991) ("[A] defendant may not be ordered to pay restitution for damages arising out of crimes of which he was acquitted").
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.