66 So.3d 1055 (2011)
M.P., Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-2046.
District Court of Appeal of Florida, Second District.
August 3, 2011.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
M.P. appeals a judgment and restitution order. See Fla. R. App. P. 9.145(b). M.P. argues, and the State concedes, that he cannot be held jointly or severally liable for $1650 in restitution where the damages occurred independently of his offense. We reverse the trial court's restitution order.
M.P. pleaded no contest to accessory after the fact to grand theft of a motorcycle, a first-degree misdemeanor. See §§ 777.03, 812.014, Fla. Stat. (2009). Mr. Holland, an acquaintance of M.P., spotted the motorcycle on residential property; a "for sale" sign hung from the motorcycle. Subsequently, at Mr. Holland's request, M.P. drove him to the property where Mr. Holland obtained permission to "test drive" the motorcycle. Mr. Holland rode off and never returned. M.P. eventually drove to his grandmother's house. He was charged as an accessory after the fact *1056 because he left the scene before the police arrived. No evidence suggested that M.P acted in concert with Mr. Holland to steal the motorcycle.
For restitution to be imposed against M.P., the victim's loss must be caused directly or indirectly by M.P.'s offense. See § 775.089(1)(a), Fla. Stat. (2009). There must be a significant relationship between the crime committed and damage to the victim. Gourley v. State, 590 So.2d 482, 484 n. 3 (Fla. 1st DCA 1991) (stating the test and noting that a conviction for accessory after the fact is inconsistent with a finding that a defendant and codefendant acted in concert). When evidence does not show that a defendant acted in concert with a codefendant in causing the damages, the trial court should not impose restitution. Id. at 483-84; see also State v. Williams, 520 So.2d 276, 277-78 (Fla.1988) (holding that defendant was not required to pay restitution to the victim where damages to the victim were not caused by defendant's leaving the scene of the accident); Milton v. State, 644 So.2d 143, 144 (Fla. 2d DCA 1994) (holding that defendant convicted of theft but who was not associated with burglary could not be required to make restitution for any items not included in the information); Faulkner v. State, 582 So.2d 783, 784 (Fla. 5th DCA 1991) (holding that restitution order may be sustained only where State has demonstrated a significant relationship between loss or damage sustained by victim and defendant's acts in committing the offense for which he was charged and convicted).
M.P. argued to the trial court that restitution should not be imposed because he did not cause the loss and knew nothing about Mr. Holland's plan to steal the motorcycle. The trial court found "that his criminal conduct ledthat the loss was a consequence, at least, in part of his criminal conduct in the case in which he pled." This finding does not comport with the applicable law. The damages arising from the motorcycle theft would have occurred regardless of whether M.P. was found an accessory after the fact. Consequently, M.P. could not be held liable for restitution.
Reversed.
SILBERMAN, C.J., and MORRIS, J., Concur.