ISHEE, J.,
for the Court:
¶ 1. In 2012, Sally Beebe Smith was convicted in the Pike County Circuit Court of third offense of operation of a motor vehicle while under the influence of intoxicating liquor. She was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC), with two and a half years to serve and two and a half years of post-release supervision (PRS). She was ordered to attend the DUI drug court program upon her release and to pay a fíne of $2,000, all court costs, and restitution. Aggrieved, Smith now appeals the circuit court’s order of restitution.
STATEMENT OF FACTS
¶ 2. On December 13, 2011, Smith was involved in a two-vehicle accident on Highway 98 in McComb, Mississippi. At the time of the accident, Smith had been the driver of one vehicle, with Kristina Clause as her passenger. The other vehicle had been driven by Eric Cowart, with Brodrick Smith as the passenger.
¶ 3. Mississippi Highway Patrol Officer John Purser arrived at the scene at approximately 6:22 p.m. By the time Officer Purser reached the scene, Clause had fled due to an outstanding bench warrant for her arrest and several unpaid fines. Nonetheless, Smith, Cowart, and Brodrick remained. Upon questioning Smith, Officer Purser observed that Smith was slurring her speech and could not remain balanced while standing. He also noticed the smell of alcohol on her breath.
¶ 4. Smith agreed to undergo a blood-alcohol evaluation. Approximately two hours after Officer Purser arrived on the scene, he transported Smith to the Pike County Sheriffs Department, where she registered a blood-alcohol content (BAC) of .10 percent — above the legal limit of .08 percent. Smith had been convicted of driving under the influence of alcohol (DUI) in January 2011 and in September 2011. Thereafter, Smith was charged with her third count of DUI.
¶ 5. At trial, Clause testified that Smith had been drinking on the day of the incident. She stated that as Smith pulled onto Highway 98, Clause looked to the side and saw a ear headed straight for them. Clause was injured in the collision and later sought medical treatment. Cowart testified that Smith pulled out onto Highway 98 and then stopped. He slowed down, thinking she would continue crossing over the highway. When he realized that she was not moving, he slammed on his brakes, but could not avoid impact. Brodrick testified to the same. Brodrick was also injured in the accident and sought medical treatment.
¶ 6. Smith was convicted in the circuit court of felony DUI since it was her third DUI in less than five years. The circuit judge sentenced her to five years, with two and a half years to serve in the custody of the MDOC and two and a half years of PRS. Upon her release, she was required to attend the DUI drug court program. The circuit judge also fined her $2,000, plus court costs. Finally, the circuit judge ordered her to pay restitution to the three other parties involved. Estimates were entered into evidence at the sentencing hearing for the damage to Cowart’s vehicle and for Smith’s medical bills. Clause was awarded “full restitution” to cover her medical bills; Cowart received $1,650 for *378 his property damage; and Brodrick received $745.50 for his medical bills.
¶ 7. On appeal, Smith asserts that the jury’s determination of her guilt for felony DUI did not include any findings that her driving contributed to or caused the accident, subsequent injuries, and property damage. Hence, she claims that the circuit judge abused his discretion in sentencing her to pay restitution.
DISCUSSION
¶ 8. The standard of review in cases challenging the terms of a sentence is abuse of discretion. Cummings v. State, 58 So.3d 715, 719 (¶ 19) (Miss.Ct.App. 2011). Smith asserts that the circuit court abused its discretion by acting outside of the scope of Mississippi’s restitution laws.
¶ 9. Mississippi Code Annotated section 99-37-3(1) (Rev.2007) provides the following with respect to restitution:
When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim; provided; however, that the justice court shall not order restitution in an amount exceeding Five Thousand Dollars ($5,000.00).
(Emphasis added). Mississippi Code Annotated section 99-37-1 (Rev.2007) defines “criminal activities,” “pecuniary damages,” “restitution,” and “victim” as follows:
(a) “Criminal activities” shall mean any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.
(b) “Pecuniary damages” shall mean all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant’s criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken[,] or otherwise harmed, and losses such as medical expenses.
(c) “Restitution” shall mean full, partial,] or nominal payment of pecuniary damages.
(d) “Victim” shall mean any person whom the court determines has suffered pecuniary damages as a result of the defendant’s criminal activities. “Victim” shall not include any coparticipant in the defendant’s criminal activities, or any person knowingly participating in a criminal act at the time he became a victim.
¶ 10. Smith argues that in order to invoke the restitution statute, the criminal activities must result in pecuniary damages. Here, Smith asserts that there was no evidence presented, nor any verdict rendered, that supports a finding that her driving under the influence of alcohol caused the pecuniary damages alleged. Likewise, Smith objected to the sentence when it was imposed, and argued that the restitution was improper on these grounds.
¶ 11. The State argues that the statute does not implicitly require that a jury make a specific finding that a defendant’s criminal activity caused or contributed to pecuniary damages in order for the restitution statute’s requirements to be met. Conversely, the State cites Cummings, 58 So.3d at 720 (¶ 24), as support for its claim that it is the trial judge’s decision whether or not to award restitution and in what amount. While the State concedes that neither medical bills nor vehicle-repair estimates were entered into evidence, it asserts that such evidence was unnecessary because Smith’s counsel failed to object to the amount of restitution awarded.
¶ 12. This is a case of first impression in Mississippi. Smith and the State cite to *379 persuasive authority from Florida and Kansas for guidance on the issue. Smith cites to Henninger v. State, 667 So.2d 488 (Fla.Dist.Ct.App.1996), for her proposition that evidence of specific causation must be provided before restitution may be awarded. In Henninger, the defendant was driving a vehicle under the influence of alcohol when he hit and killed the driver of an oncoming vehicle. Id. at 489. Hen-ninger was tried on the offenses of DUI, DUI manslaughter, and DUI involving simple injury. Id. at 488. Henninger was acquitted of DUI manslaughter and DUI involving simple injury but was convicted of DUI. Id. The trial judge ordered Hen-ninger to pay restitution to the family of the victim for expenses related to his injury and death. Id. at 489. However, the Florida appellate court reversed on the ground that “[bjecause the restitution ordered ... relate[d] solely to damages arising out of an injury and death of which Henninger was charged and acquitted by the jury, this restitution is precluded by the specific[-]causation requirement [of Florida’s restitution statute.]” Id. The Florida statute in question states:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and
2. Damage or loss related to the defendant’s criminal episode....
Smith asserts that, since Mississippi’s restitution statute states that criminal activities “which have resulted in pecuniary damages” are subject to restitution, there is an implicit specific-causation requirement. Miss.Code Ann. § 99-37-3 (Rev. 2007).
¶ 13. The State cites to State v. Goeller, 276 Kan. 578, 77 P.3d 1272 (2003), which distinguishes Henninger on the basis that a defendant who has not been acquitted of a DUI-related charge must still pay restitution. In Goeller, the Kansas appellate court stated:
There can be no serious question that [the victim] suffered injuries because of the collision with Goeller’s car. Although Goeller’s DUI no[-]contest plea may not have been synonymous with an admission that Goeller was driving recklessly at the time of the accident, the evidence underlying the DUI plea provided circumstantial proof of the causal connection needed to satisfy the restitution statute. The blood sample provided by Goeller demonstrated the presence of multiple drugs in his system, and witnesses saw his car cross the center line several times before the accident. We hold that the district court’s factual finding of a causal link between Goeller’s unlawful conduct and [the victim’s] injuries was supported by substantial competent evidence that a reasonable person might accept as sufficient to support the ultimate conclusion.
Id. at 1275. Thus, the State argues that the circumstantial proof presented of the causal connection between Smith’s driving under the influence and the pecuniary damages was sufficient to satisfy the requirements of the restitution statute. We agree.
¶ 14. The evidence in the record is sufficient to support the jury’s verdict that Smith was driving under the influence of alcohol. Not only did witness testimony reveal that Smith had been drinking before the accident occurred and that she was visibly intoxicated at the scene of the crime, her BAC was above the legal limit over two hours after the accident occurred. Additionally, Smith does not contest the guilty verdict with regard to the DUI charge. She only contests the award of restitution, which included the costs of *380 damage to Cowart’s vehicle and medical bills sustained by Clause and Brodrick.
¶ 15. Contrary to Florida’s restitution statute discussed in Henninger, Mississippi’s restitution statute does not contain a specific-causation requirement that a causal connection be shown between the defendant’s criminal conduct and the damages incurred. See Henninger, 667 So.2d at 489; Miss.Code Ann. § 99-37-3. Nonetheless, as in Goeller, it would appear that the evidence underlying Smith’s DUI guilty verdict and the evidence of injuries presented at the sentencing hearing provide sufficient proof of a causal connection between Smith’s criminal actions and the victims’ injuries. The restitution ordered was directly related to damages the victims sustained as a result of the accident— an accident clearly caused by Smith, who was illegally driving under the influence of alcohol. As such, we find that the circuit court’s order of restitution did not violate Mississippi’s restitution statute. This issue is without merit.
¶ 16. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF THIRD OFFENSE OF OPERATION OF A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS AND SIX MONTHS TO SERVE AND TWO YEARS AND SIX MONTHS OF POST-RELEASE SUPERVISION, AND UPON RELEASE TO COMPLETE THE FOURTEENTH CIRCUIT COURT DISTRICT’S DUI DRUG COURT PROGRAM, AND TO PAY A $2,000 FINE AND RESTITUTION OF $1,650 TO ERIC COWART, $745.50 TO BRO-DRICK SMITH, AND FULL RESTITUTION TO KRISTINA ANN CLAUSE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.