PER CURIAM.
We affirm McElrath’s convictions. However, we vacate the restitution order entered by the trial court because the trial court lacked jurisdiction to order restitution while McElrath’s underlying conviction was pending on appeal. Torres v. State, 812 So.2d 610 (Fla. 1st DCA 2002).[1]
*1211 CONVICTIONS AFFIRMED; RESTITUTION ORDER VACATED; CASE REMANDED.
SHARP, W., PLEUS and ORFINGER, R.B., JJ., concur.

. Although we vacate the restitution order because the trial court lacked jurisdiction, the trial court's determination regarding restitution was substantively correct. Section 775.089(l)(a), Florida Statutes (2001), authorizes the court to order restitution to a crime victim for damages or loss caused directly or indirectly by a defendant’s offense or related to the defendant's criminal episode. The trial court refused to award restitution on one *1211 count of DUI resulting in serious bodily injury because McElrath was acquitted of that charge. A defendant cannot be ordered to pay restitution for damages arising out of crimes of which he was acquitted. See Henninger v. State, 667 So.2d 488, 489 (Fla. 1st DCA 1996).