No. 88,537

STATE OF KANSAS, *Appellee*, v. DENNIS LEE GOELLER, *Appellant*.

(77 P.3d 1272)

Opinion filed October 31, 2003.

*Randall L. Hodgkinson*, deputy appellate defender, argued the cause and was on the brief for appellant.

*Thomas V. Black,* county attorney, argued the cause, and *Phill Kline,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Dennis Lee Goeller appeals from sentencing and restitution orders entered in the district court.

Goeller entered a guilty plea to one count of felony possession of methamphetamine and one count of felony possession of marijuana and entered a no contest plea to one count of misdemeanor driving under the influence. In return for these pleas, the State dismissed one count of felony possession of drug paraphernalia and one count of driving a motor vehicle left of the center line.

The charges against Goeller arose out of a car accident precipitated by Goeller falling asleep at the wheel and crossing the center line. Witnesses said Goeller's car had crossed the center line several times before the accident occurred. James Norrish, the driver of the car that collided head-on with Goeller's car, was seriously injured in the accident. Goeller specifically wished to plead no contest rather than guilty to the DUI to attempt to avoid civil liability for the accident.

When police responded to the scene, they observed drug paraphernalia in plain view, which led to a search of Goeller's car. The officers found methamphetamine and marijuana. In addition, although testing of Goeller's blood revealed no alcohol, it disclosed the presence of methamphetamine, cannabis, and cocaine metabolites in his system.

In an affidavit filed with the district court, Goeller stated he had previously worked for Sterling Drilling Company but had been unemployed for 1 year. He further stated that he did not own a home, land, a car, a truck, or a motorcycle and that he did not receive any income from rental property, public assistance, or other sources. When the district judge heard arguments on sentencing, Goeller's counsel requested probation, saying: "He has been employed by Val Energy and although they are down right now they expect to get back up shortly." When it became evident that Goeller would get a prison sentence, his counsel opposed restitution by arguing: "If Mr. Goeller was on probation — and he's al-

ways worked. If he was on probation I guess I wouldn't have anything to argue about, but he's not and, thus, I think that on its face it makes any plan of restitution simply unworkable in this instance."

The district judge ultimately sentenced Goeller to a controlling sentence of 17 months' imprisonment with 12 months' postrelease supervision and ordered him to pay Kansas Bureau of Investigation (KBI) lab fees of $450, *i.e.*, a $150 fee for each of the three offenses for which a lab test was conducted. Despite counsel's objection, the district judge also ordered Goeller to pay Norrish restitution of $1,000 per month during Goeller's 12 months of postrelease supervision. Norrish had testified that the accident forced him to incur approximately $130,000 in medical bills and caused him and his wife wage losses of nearly $8,000.

Goeller stipulated to a criminal history score of F. His prior drug record resulted in an increased penalty for possession of marijuana. His sentence on that crime, 11 months, was ordered to run concurrent to his 17 months for the possession of methamphetamine count.

### Restitution

Goeller challenges both the power of the district judge to order restitution and his decision to set the amount at $1,000 per month for the duration of the postrelease supervision period.

K.S.A. 2002 Supp. 21-4603d(b)(1) is the governing statute. It reads in pertinent part:

"[T]he court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

Goeller focuses on the phrase "caused by the defendant's crime" and asserts that none of his crimes of conviction caused Norrish's injuries. Rather, he asserts, the injuries were actually and proximately caused by his driving left of center, and that charge was dismissed pursuant to his plea bargain. Thus, in his view, the district judge had no power to order any restitution.

We acknowledge that "[i]n Kansas, restitution for a victim's damages or loss depends on the establishment of a causal link between

the defendant's unlawful conduct and the victim's damages." *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 9, 56 P.3d 202 (2002). Although the setting of an amount of restitution is within a district judge's discretion, a district judge's factual finding of causation under K.S.A. 2002 Supp. 21-4603d(b)(1) is subject to a substantial competent evidence standard of review on appeal. See *State v. Cooper*, 267 Kan. 15, 977 P.2d 960 (1999); see also *State v. Schulze*, 267 Kan. 749, 752, 985 P.2d 1169 (1999) (appellate court has jurisdiction to review restitution order). Compare *Lopez v. Unified Government of Wyandotte County*, 31 Kan. App. 2d 923, 926-27, 75 P.3d 1234 (2003) (quoting *Draskowich v. City of Kansas City*, 242 Kan. 734, 741, 750 P.2d 411 (1988) (holding on causation dependent on "factual circumstances")); *Starr v. Union Pacific Railroad Co.*, 31 Kan. App. 2d 906, 75 P.3d 266, 271 (2003) (expert affidavit creates material fact dispute as to causation.).

Goeller cites three cases to persuade us that there is insufficient evidence to establish the necessary causal link here.

In the first case, *State v. Huser*, 265 Kan. 228, 959 P.2d 908 (1998), defendant's vehicle struck two pedestrians. The district judge dismissed two counts of reckless aggravated battery at the preliminary hearing and bound defendant over for trial on one count of DUI and one count of refusal to submit to a preliminary alcohol screening test. The State appealed the dismissal of the reckless aggravated battery counts. This court observed that ample evidence supported the bind over on the DUI charge, but insufficient evidence supported the accusation that defendant was driving recklessly with a conscious and unjustifiable disregard of imminent danger to another person.

"[U]nintentionally causing bodily harm to another by driving a car recklessly is now punishable under the aggravated battery statute. However, this statute continues to use the term reckless in the same manner in which it has been used previously — a realization of imminent danger to another person *and* a conscious and unjustifiable disregard of that danger. K.S.A. 21-3201(c). As such, driving under the influence of alcohol does not equal driving recklessly, without additional evidence of reckless conduct." 265 Kan. at 236.

Goeller's argument ignores *Huser*'s additional language stating that "the trial court had probable cause to find that the victims had

suffered bodily harm at the hands of the defendant" and that the bodily harm was inflicted on the victims when they were struck by the car. 265 Kan. at 232. In other words, the *Huser* decision appears to reflect no hesitation about the existence of a causal link between the defendant's driving under the influence and the ensuing accident and bodily harm to the victims. *Huser* does not support Goeller's position here.

Goeller also cites *Henninger v. State*, 667 So. 2d 488 (Fla. Dist. App. 1996). In that case, defendant had been charged with DUI manslaughter, DUI involving injury, and simple DUI; and the jury acquitted him of the two more serious charges. The Florida Court of Appeals reversed a restitution order because the acquittals meant there was no factual finding of a causal link between defendant's driving under the influence and the victim's death; in fact, there was what amounted to a negative finding. *Henninger* has since been cited for the proposition that a defendant cannot be ordered to pay restitution for damages arising out of a charge leading to acquittal. See *McElrath v. State*, 821 So. 2d 1210 (Fla. Dist. App. 2002). Goeller was not acquitted of DUI or of driving left of center here, and the holding of *Henninger* therefore does not help him.

Finally, Goeller also cites *State v. LaFoe*, 24 Kan. App. 2d 662, 666-67, 953 P.2d 681 (1997), in which a Court of Appeals panel stated: "The State was not required to prove Lafoe's blood alcohol level to demonstrate reckless conduct. The jury could have found that Lafoe was reckless in working a double shift, staying up to play poker, consuming several beers, and then attempting to drive." 24 Kan. App. 2d at 666-67. In defense counsel's words, *LaFoe* "supports Mr. Goeller's argument that driving while intoxicated and reckless battery are separate offenses and that one is not required to show the other and that one does not necessarily follow from the other." We do not dispute that DUI and reckless battery are distinct and that proof of one does not necessarily translate into proof of the other. Again, however, *LaFoe* does not answer the causation question before us here.

There can be no serious question that Norrish suffered injuries because of the collision with Goeller's car. Although Goeller's DUI

no contest plea may not have been synonymous with an admission that Goeller was driving recklessly at the time of the accident, the evidence underlying the DUI plea provided circumstantial proof of the causal connection needed to satisfy the restitution statute. The blood sample provided by Goeller demonstrated the presence of multiple drugs in his system, and witnesses saw his car cross the center line several times before the accident. We hold that the district court's factual finding of a causal link between Goeller's unlawful conduct and Norrish's injuries was supported by substantial competent evidence that a reasonable person might accept as sufficient to support the ultimate conclusion. See *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 747, 27 P.3d 1 (2001) (defining substantial evidence).

Turning to the amount of restitution set by the district judge, Goeller renews his district court objection that the amount of $1,000 per month is unworkable. He seeks reversal and a remand with instructions that the district judge enter a new order that takes his inability to pay into account.

The plain language of K.S.A. 2002 Supp. 21-4603d(b)(1) requires restitution "unless" the court finds a plan of restitution unworkable. Moreover, "[i]f the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor."

The design of this provision makes clear that restitution is the rule and a finding that restitution is unworkable the exception. It also leads us to conclude that it is a defendant's burden to come forward with evidence of his or her inability to pay.

In this case, Goeller presented no evidence of his inability to pay, and his own and his counsel's statements about his former and likely future employment are adequate to uphold the district judge's choice of amount under our abuse of discretion standard of review. Furthermore, on the state of this record, it appears the district judge did take Goeller's limited ability to pay into account. The total amount of Norrish's damages far exceeded the total of $12,000 in restitution ordered, and Goeller's responsibility to begin making payments was to be delayed until he had completed the imprisonment portion of his sentence. Under these circumstances,

the restitution amount is defensible. See *Hunziker*, 274 Kan. at 655, (citing *State v. Casto*, 22 Kan. App. 2d 152, 912 P.2d 772 [1996]).

We see no abuse of discretion.

### KBI Laboratory Fees

Goeller next argues that the district judge erred in assessing $450 in KBI lab fees, consisting of one $150 fee for the KBI's analysis of the methamphetamine, one for its analysis of the marijuana, and one for its analysis of Goeller's blood sample.

The controlling version of K.S.A. 28-176 reads in material part:

"(a) Any person convicted . . . shall pay a separate court cost of $150 as a Kansas bureau of investigation laboratory analysis fee for each offense if forensic science or laboratory services are rendered or administered by the Kansas bureau of investigation in connection with the case."

Goeller asserts that the legislature did not state explicitly whether the phrase "each offense" was meant to cover multiple counts in the same information and that the use of the phrase "the case" reflects a legislative intent that only one $150 KBI lab fee be charged in each case, regardless of the number of counts. Goeller claims his reading is consistent with K.S.A. 28-172a(c), which specifically states that the party to whom costs are assessed shall pay only one docket fee per case, even if the case includes multiple counts.

This issue of first impression requires interpretation of a statute. Our standard of review is de novo. *State v. Barnes*, 275 Kan. 364, 368, 64 P.3d 405 (2003).

Goeller's argument is unpersuasive. K.S.A. 28-172a(c)'s wording demonstrates that the legislature was fully aware how to craft a statute to provide for only one fee per case. For whatever reason, it chose not to draft K.S.A. 28-176 in that manner. The phrase "for each offense" is clear; "each offense" means each count on which Goeller was convicted. It matters not that multiple offenses were charged in one case. The district court did not err.

### Inclusion of Felony Conviction in Criminal History

Finally, Goeller claims the district court erred by including a

felony conviction in his criminal history that either was or could have been used to increase the severity level of his possession of marijuana sentence. Generally, under K.S.A. 21-4721(e), we have jurisdiction to consider whether the district court erred in determining the appropriate classification of Goeller's prior convictions. *State v. Vandervort*, 276 Kan. 164, Syl. ¶ 5, 72 P.3d 925 (2003). However, " '[a] defendant who invites error by stipulating to his or her criminal history cannot request a correction of sentence under 22-3504 after pronouncement of sentence.' " *Vandervort*, 276 Kan. at 175-76 (quoting *State v. McBride*, 23 Kan. App. 2d 302, Syl. ¶ 3, 930 P.2d 618 [1996]). We therefore do not reach the merits of Goeller's argument.

Affirmed.