NOT DESIGNATED FOR PUBLICATION

No. 112,820

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE CASH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RICHARD T. BALLINGER. Opinion filed February 12, 2016. Affirmed.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*: Kyle Cash appeals the trial court's restitution order of $7,500. On appeal, Cash argues that the trial court abused its discretion by ordering him to pay $7,500 in restitution without first considering his ability to pay the restitution. Nevertheless, because Cash made no such argument before the trial court, Cash has failed to preserve this argument for appeal. Accordingly, we affirm.

The State charged Cash with one count of theft, a severity level 9 nonperson felony. See K.S.A. 2015 Supp. 21-5801(a)(4) and (b)(3). The complaint alleged that Cash

1

along with his codefendant, Joshua Huddleston, stole televisions, a shotgun, a watch, and money from Scott Hall's house. Under a plea agreement, Cash ultimately pled guilty to the one count of theft.

At sentencing, the State requested restitution in the amount of $10,135.37. Cash argued that he should not have to pay restitution because Huddleston, who had been charged with burglary as well as theft, had actually taken the property from the house. Cash argued that the trial court could not order him to pay restitution because he just took property that Huddleston placed in the yard outside of Hall's house. The trial court rejected this argument because Cash aided and abetted Huddleston.

Next, the State called Hall to testify about the values of the televisions, shotgun, and watch missing from his house. Hall testified about the specific price of each stolen item. Hall testified that Cash and Huddleston additionally stole $3,000. Hall testified that between the stolen property and the damage done to his walls and floors during the burglary, he suffered losses totaling $10,135.57.

Cash also testified. Cash testified that neither he nor Huddleston stole the watch or the $3000. Cash did not testify about the televisions and the shotgun.

Before the trial court's ruling, Cash insinuated that Hall had magnified the wall and floor repair costs. Cash further objected to the inclusion of the value of the watch and the $3,000 in the restitution order. In ruling on restitution, the trial court stated that "once you're involved, you are stuck with what there is." Then, without explanation, the trial court ordered Cash to pay restitution in the amount of $7,500. The trial court sentenced Cash to 12 months' probation with an underlying prison term of 5 months.

*Did the Trial Court Err by Ordering Cash to Pay Restitution?*

When reviewing the trial court's restitution award, an appellate court reviews the "factual findings underlying the causal link between the crime and the loss" for substantial competent evidence. *State v. Alcala*, 301 Kan. 832, 836, 348 P.3d 570 (2015). "The restitution amount and the manner in which restitution is to be made are reviewed for abuse of discretion. 301 Kan. at 836.

Under K.S.A. 2015 Supp. 21-6604(b)(1), "the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." Our Supreme Court has interpreted this provision to mean that "restitution is the rule and a finding that restitution is unworkable the exception." *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Moreover, "it is a defendant's burden to come forward with evidence of his or her inability to pay." *Goeller*, 276 Kan. at 578.

On appeal, Cash argues that the trial court abused its discretion by ordering him to pay $7,500 in restitution without first considering his ability to pay the restitution. Cash asserts that the trial court "failed to make any inquiry regarding whether [he] had any employment history or whether he had other outstanding obligations that would interfere with his ability to pay." Accordingly, Cash asks this court to vacate the restitution order and remand to the trial court for further proceedings on his ability to pay restitution.

The State, however, argues that Cash has failed to preserve this argument for appeal. The State asserts that Cash never argued that the restitution order would be unworkable because of financial constraints before the trial court. Thus, the State argues that Cash is barred from raising this argument for the first time on appeal.

The State is correct. Although Cash objected to paying restitution generally and objected to paying restitution as to the stolen watch and money, Cash failed to argue before the trial court that it should not impose restitution because of financial constraints. Our Supreme Court and this court have consistently held that defendants who fail to argue before the trial court that a restitution order is financially unworkable fail to preserve that issue for appeal. See *State v. King*, 288 Kan. 333, 353-54, 204 P.3d 585 (2009); *State v. Hunziker*, 274 Kan. 655, 669, 56 P.3d 202, 211 (2002); *State v. Cox*, 30 Kan. App. 2d 407, 414, 42 P.3d 182 (2002); *State v. Wells*, 18 Kan. App. 2d 735, 737, 861 P.2d 828 (1993). Furthermore, despite Cash's argument that the trial court was required but failed to make findings regarding his ability to pay restitution, Cash had the burden to provide the trial court with evidence that the restitution order was unworkable. Thus, the trial court had no duty to inquire into Cash's ability to pay restitution given that Cash failed to raise the issue before the trial court. See *King*, 228 Kan. at 353-54; *Goeller*, 276 Kan. at 583. As a result, we determine that Cash has failed to preserve this argument for appeal.

Moreover, although exceptions to the general rule that an issue not raised below may not be asserted for the first time on appeal exist, Cash has not raised one of those exceptions. In fact, Cash altogether fails to recognize that he is raising this issue for the first time on appeal. Under Kansas Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41), an appellant must explain why an issue that was not raised below should be considered for the first time on appeal. When defendants fail to comply with this rule, their argument is improperly briefed and therefore abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (holding that Rule 6.02[a][5] will henceforth be strictly enforced). Consequently, in addition to failing to preserve his argument for appeal, Cash has failed to comply with Supreme Court Rule 6.02(a)(5); thus, we also determine that Cash has abandoned his argument.

Finally, we note that Cash does not challenge how the trial court reached the $7,500 restitution figure. In his brief, Cash momentarily states that the trial court "arbitrarily announced that it was imposing $7,500 in restitution" because Cash was involved in the crime. Yet, Cash never explicitly challenges whether $7,500 was a defensible restitution figure based on the evidence presented to the trial court. Instead, Cash focuses exclusively on the trial court's failure to consider his ability to pay in reaching this figure.

"Failure to brief and argue an issue constitutes a concession of an issue by the parties." *State v. Laborde*, 303 Kan. 1, 360 P.3d 1084-85 (2015). "[U]nless there are exceptional circumstances, appellate courts do not consider issues on appeal that were not raised by the parties." 360 P.3d at 1084. Accordingly, assuming arguendo that the trial court abused its discretion by not explaining how it reached the $7,500 restitution figure, the question whether $7,500 in restitution was a defensible figure is not properly before this court because Cash does not make this argument within his brief.

On the record before us, faced with only a conclusory allegation (that the trial court abused its discretion by ordering Cash to pay $7,500 in restitution without first considering his ability to pay this amount) not presented to the trial court, we reject Cash's argument.

Affirmed.