IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,990

STATE OF KANSAS,
*Appellee,*

v.

WILLIAM D. HOLT II,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 2015 Supp. 21-6604(b)(1) requires the sentencing court to order the defendant to pay restitution unless the court finds compelling circumstances that would render a plan of restitution unworkable.

2.

Under K.S.A. 2015 Supp. 21-6604, restitution is the rule and a finding that restitution is unworkable is the exception. It is the defendant's burden to come forward with evidence regarding an alleged inability to pay restitution.

3.

An appellate court's review of a restitution plan may involve three standards of review depending on the issue or issues presented. Questions concerning the amount of restitution and the manner in which it is made to the aggrieved party is subject to an abuse of discretion standard. The district court's factual findings relating to the causal link between the crime committed and the victim's loss are reviewed for substantial competent evidence. And legal questions involving the underlying statutes' interpretation will be subjected to unlimited review.

1

4.

An appellate court reviews a challenge to whether a plan of restitution is unworkable under K.S.A. 2015 Supp. 21-6604 for abuse of discretion.

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed February 24, 2017. Affirmed.

*Meryl Carver-Allmond*, of Capital Appellate Defender Office, argued the cause and was on the brief for appellant.

*Elizabeth A. Billinger*, assistant district attorney, argued the cause, and *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  State law requires a sentencing court in a criminal case to order restitution "unless [it] finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 21-6604(b)(1). In this case, the district court ordered restitution after sentencing William Holt II to life imprisonment. It did not order Holt to begin paying while in prison.

A question on appeal is whether the district court abused its discretion when it determined a restitution plan would not be unworkable. We affirm because Holt did not present any evidence at his sentencing hearings concerning his ability to pay if he were ever released from prison. Instead, he said his prison income was $9 a month and referred to a four-year-old financial affidavit that represented he was an unemployed student with no assets when he was arrested. These facts would not compel a reasonable person to conclude a restitution plan was unworkable.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Holt of first-degree premeditated murder and aggravated burglary arising from the September 2010 killing of Mitch Vose, who was dating a woman with whom Holt had had an on-again/off-again relationship. See *State v. Holt*, 300 Kan. 985, 987, 336 P.3d 312 (2014). The *Holt* court affirmed the convictions but vacated the hard 50 sentence, based on an aggravating factor that was neither submitted to a jury nor proven beyond a reasonable doubt. 300 Kan. at 1008-09, 1012 (a sentencing judge found an aggravating factor by a preponderance of the evidence).

After the *Holt* decision was filed, the State initiated a new criminal action charging Holt with an attempted first-degree murder of Wendy Henderson, arising from the same transaction as Vose's murder. Holt pleaded guilty to attempted murder and agreed to the maximum sentence, to be served consecutive to the sentence imposed for the murder conviction. In exchange, the State declined to seek a new hard 50 sentence for the murder conviction, which would have required a second jury trial to determine aggravating factors necessary to make him eligible for such a sentence. See K.S.A. 2015 Supp. 21-6620(d)(2).

The cases were consolidated for resentencing on the first-degree murder conviction and initial sentencing on the attempted first-degree murder conviction. The district court imposed a hard 25 sentence for the first-degree murder and a 165-month sentence for the attempted first-degree murder, ordered to run consecutively. At the second sentencing hearing, the court reviewed its earlier restitution order from the first sentencing. At that time, Holt informed the court that he had no property and less than $100 cash. He also objected generally to the reasonableness of imposing restitution but otherwise offered no evidence in opposition.

During the second hearing, Holt's counsel informed the court:

"I asked you before [at the initial sentencing hearing on the first-degree murder conviction], the question in restitution, to find it's not doable, practicable. He's in jail. I would make the same request. I think I lost last time. I would ask you, you could waive attorneys [*sic*] fees, BIDS fees, I would ask you to do that for the same reason. He's got a long stretch to do in prison. I don't see him ever paying anybody. But I would ask you to follow the plea bargain."

Holt did not put on any evidence to support his argument that restitution was unworkable. But Holt agreed with the court that his financial situation was the same as it was at the first sentencing hearing. He told the court he made $9 a month in prison. Addressing restitution, the district court judge said:

"Restitution, I've taken into account [defense counsel's] argument, and that's always something that can be adjusted at the time of parole if parole happens in this case by the parole board. But I am going to note that for restitution purposes the restitution is the amount [of] $12,406.58."

Although the court's order did not expressly state that restitution must wait until Holt's possible parole, it necessarily must be interpreted that way. See K.S.A. 2015 Supp. 21-6604(e) ("If the court commits the defendant to the custody of the secretary of corrections or to jail, the court may specify in its order the amount of restitution to be paid and the person to whom it shall be paid if restitution is later ordered as a condition of parole, conditional release or postrelease supervision."); K.S.A. 2015 Supp. 22-3717(n) (authorizing prisoner review board to consider compelling circumstances that would render district court's plan of restitution unworkable); *State v. Alderson*, 299 Kan. 148,

4

151, 322 P.3d 364 (2014) (to make defendant subject to collection of restitution during incarceration, district court must declare that intent unambiguously).

Holt appeals. Jurisdiction is proper. See K.S.A. 2015 Supp. 22-3601(b)(3) (appeal from criminal case in which life imprisonment imposed).

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION

At sentencing, "the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 21-6604(b)(1). Restitution is the rule and a finding that restitution is unworkable is the exception. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015).

The defendant bears the burden "to come forward with evidence of 'compelling circumstances' that render the restitution plan unworkable." 301 Kan. at 840. The court has described this as a "burden to come forward with evidence of . . . inability to pay." *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 (2003), *overruled on other grounds State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015); see *Alcala*, 301 Kan. at 840 (holding defendant failed to sustain burden of demonstrating plan unworkable because he failed to present evidence of inability to pay amount ordered when due).

*Standard of review*

"'Questions concerning the "amount of restitution and the manner in which it is made to the aggrieved party" are reviewed under an abuse of discretion standard. [Citation omitted.] A district court's factual findings relating to the causal link between the crime

committed and the victim's loss will be affirmed if those findings are supported by substantial competent evidence. Finally, appellate courts have unlimited review over legal questions involving the interpretation of the underlying statutes.'" *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016) (quoting *State v. King*, 288 Kan. 333, 354-55, 204 P.3d 585 [2009]).

Whether a district court's plan of restitution is unworkable is reviewed on appeal for abuse of discretion. 304 Kan. at 93.

*Discussion*

When restitution is ordered in conjunction with an off-grid life sentence and the restitution is not immediately payable, proof of unworkability due to inability to pay requires proof of inability to pay upon release. See *Shank*, 304 Kan. at 95 (counsel's representation that defendant would be unable to pay restitution in future did not demonstrate district court abused discretion awarding restitution); *Alcala*, 301 Kan. at 840 (district court did not err imposing restitution when defendant sentenced to life imprisonment failed to present evidence of inability to pay after parole). The court has not viewed the financial affidavit filed to obtain appointed counsel as sufficient to sustain the burden of proving future inability to pay. See *Goeller*, 276 Kan. at 583 (noting in recitation of facts that financial affidavit demonstrating poverty was filed, but the court ruled defendant "presented no evidence of his inability to pay").

The court's decision in *Alcala* is on point. In that case, the district court ordered $43,230.77 in restitution over defendant's objection that restitution would be unworkable because he had no way to pay, he was incarcerated, and the State failed to prove he would work or be able to work while imprisoned. The Supreme Court rejected the workability argument because "imprisonment alone is not sufficient to render restitution unworkable." 301 Kan. at 840. The court reasoned, "The district court did not order

6

Alcala to pay a fixed amount of restitution per month, nor did it explicitly order Alcala to begin payments while incarcerated. This indicates further restitution will not be collected until [defendant] is paroled, if that ever occurs." 301 Kan. at 840. The court concluded, "Having presented no evidence of his inability to pay restitution after his possible parole, Alcala failed to sustain his burden of demonstrating the restitution plan was unworkable." 301 Kan. at 840.

Similarly, Holt's restitution order does not impose an immediate obligation to begin making payments. The district court acknowledged this, noting the potential for the parole board to make adjustments upon Holt's release. See K.S.A. 2015 Supp. 22-3717(n) (providing if sentencing court orders restitution as condition of parole, prisoner review board shall order amount specified in journal entry unless it finds compelling circumstances which would render a plan of restitution unworkable). At the sentencing hearing, Holt at most demonstrated his current income and lack of assets. His failure to present evidence of an inability to pay when released did not sustain his burden of proving the restitution order unworkable.

Holt attempts to distinguish *Alcala* by arguing that he presented evidence of his limited prison income and lack of resources and employment before his arrest. But this takes a generous view of the record. Holt was not sworn as a witness at the second sentencing hearing, so his "testimony" was merely an affirmative response to the court's questioning on whether his financial situation had changed since the first sentencing hearing and about the amount of his prison wages.

But even taking as true the 2010 financial affidavit, in which Holt said he was an unemployed student, and his prison wages amounting to $9 per month, it cannot be said no reasonable person would have declined to find these minimal facts made postrelease restitution unworkable. See *Shank*, 304 Kan. at 92 (judicial discretion is abused when no

7

reasonable person would take same view as district court or when challenged action is predicated on error of law or fact); *cf. State v. Sullivan*, No. 98,799, 2009 WL 596520, at *4 (Kan. App. 2009) (unpublished) (remanding to consider whether restitution workable and noting defendant "presented significant evidence" of inability to pay, including testimony that "he had never received a paycheck for legitimate employment during his entire life, never had a paying job, and had no assets").

Holt also compares his circumstances to *State v. Herron*, 50 Kan. App. 2d 1058, 1065-66, 335 P.3d 1211 (2014), in which the Court of Appeals held a sentencing court abused its discretion ordering approximately $6,800 restitution as part of 18-month probation given evidence of the defendant's inability to pay the amount during that time and the State's suggested $10-a-month payment plan would unreasonably require nearly 60 years of monthly payments. Holt argues that "[n]o reasonable person could find that over $12,000 in restitution is workable on [Holt's prison] income of $9 per month."

But *Herron* and the other Court of Appeals cases the *Herron* court relied on are distinguishable because, as we have noted in Holt's case, the restitution is not immediately payable. The court did not impose a monthly obligation that can be evaluated in terms of Holt's ability to pay it each month or in the amount of time it would take Holt to satisfy the entire restitution order. The focus is rightfully on Holt's ability to pay upon release, so his attempt to demonstrate unworkability based on the amount of time it would take to pay the restitution on his prison wages is misplaced.

Given Holt's failure to demonstrate his future inability to pay restitution, Holt "could not establish this as a basis to demonstrate the restitution plan is unworkable." *Shank*, 304 Kan. at 96. Therefore, we affirm.

***

JOHNSON, J., dissenting:  I dissent, principally because I believe this court has too narrowly construed the exception to the required order of restitution set forth in K.S.A. 2015 Supp. 21-6604(b)(1), which provides that a sentencing court is not required to order restitution as part of the defendant's sentence if it finds "compelling circumstances which would render a plan of restitution unworkable." Furthermore, I believe this court has failed to harmonize that subsection with another subsection of the authorized dispositions statute, K.S.A. 2015 Supp. 21-6604(e), and with the release from prison procedure set forth in K.S.A. 2015 Supp. 22-3717(n).

As the majority points out, this court has previously held that the defendant has the burden of demonstrating that a restitution plan is unworkable and that the only means by which a defendant can sustain that burden is to present evidence of the defendant's financial inability to pay the amount of ordered restitution when due. *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015); see *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015). Moreover, in cases such as this—where the restitution plan does not require repayment during an extended imprisonment—we have required "proof of inability to pay upon release" from prison. Slip op. at 6 (citing *State v. Shank*, 304 Kan. 89, 95, 369 P.3d 322 (2016); *Alcala*, 301 Kan. at 840; and *Goeller*, 276 Kan. at 583.)

Holt was sentenced to a hard 25 *life* sentence, which means that he may have to be in prison for the rest of his life and may *never* be released. Consequently, the date on which restitution is "due," and thus the date on which the majority requires Holt to prove an inability to pay, may never arrive. In other words, under the majority's plan of restitution there is a very real possibility that the defendant will never be required to pay even one penny of restitution. I would not characterize that as a plan of restitution, much

9

less a practicable plan.  See Webster's New Collegiate Dictionary 1351 (1973) (defining "workable" as "practicable" or "feasible").

But even if Holt should be paroled from the life sentence, he cannot be released from prison on that sentence before he has served the minimum 25 years. Then, after being paroled from the life sentence, Holt must remain in prison to serve the 165-month consecutively imposed sentence for the attempted murder conviction. Even if he earns the maximum 15% good time credit on the consecutive on-grid sentence pursuant to K.S.A. 2015 Supp. 21-6821(b)(2)(A) [formerly K.S.A. 21-4722], he would have to wait another 140 months, or 11 2/3 years, after being paroled on the off-grid conviction before he would be released from prison to postrelease supervision. In sum, under the best case scenario for Holt, he will be in prison for a minimum of 36 2/3 years. Using the date of the murder—September 2010—as the sentence-begins date, Holt cannot be released from prison to start earning money to pay restitution before the year 2047.

Notwithstanding those compelling circumstances, the majority would require Holt to present evidence at the sentencing hearing to prove that he will be unable to pay restitution when (or if) he is released in 2047, or some year thereafter, to avoid court-ordered restitution that subjects him to an immediate civil judgment. See K.S.A. 2015 Supp. 21-6604(b)(2) ("If the court orders restitution, the restitution shall be a judgment against the defendant which may be collected by the court by garnishment or other execution as on judgments in civil cases."). That is simply impracticable. Short of presenting the testimony of a clairvoyant with the ability to foresee the salary that a paroled murderer on postrelease supervision will be earning in 2047, as well as divining whether that income will cover the 2047 cost of living and leave $12,406.58 extra to pay restitution, I cannot imagine what evidence the majority would expect Holt to present to prove that negative.

10

In addition to placing an unrealistic burden on the defendant, I submit that the majority's requirement that the defendant prove actual inability to pay in the future to invoke the restitution exception in K.S.A. 2015 Supp. 21-6604(b)(1) is not readily discernible from that subsection's words. If the legislature intended the defendant's actual inability to pay to be the touchstone of the restitution exception, one would expect more straightforward statutory language, such as that found in another subsection of the same statute, to-wit: "In determining the amount and method of payment of [attorney fees], the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 2015 Supp. 21-6604(d); see also K.S.A. 2015 Supp. 21-6612(c) (in determining amount and method of fine payment "the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose"). But instead of focusing on the defendant's financial resources or ability to pay, the legislative language in K.S.A. 2015 Supp. 21-6604(b)(1) addresses the workability of "a plan of restitution," *i.e.*, whether a payment plan can be devised by which it is feasible that the victim will actually receive appropriate reparations.

In that vein, I submit that the legislature's conditioning restitution on the workability of a plan of restitution, rather than on a defendant's ability to pay, is consistent with the nonpunitive purposes of restitution. The "'primary purpose of restitution is to make the victim whole, and the other aim of restitution is rehabilitative rather than punitive . . . .' [Citation omitted.]" *State v. Hunziker*, 274 Kan. 655, 663-64, 56 P.3d 202 (2002). "'The measure of reparation or restitution to be ordered, pursuant to K.S.A. 21-4610(d)(1), is the amount that reimburses the victim for the actual loss suffered.'" 274 Kan. at 664 (quoting *State v. Applegate*, 266 Kan. 1072, 1079, 976 P.2d 936 [1999]).

11

Here, the restitution order of $12,406.58 apparently represents the victim's actual loss suffered in 2010. The plan of restitution in this case is for Holt to try really hard to be paroled from his life sentence, and to try really hard to earn all of the good-time credits he can obtain on the subsequent consecutive sentence, and then to try really hard to get a job upon release from prison that will permit him to make installment payments on the order of restitution, after taking care of his essential costs of subsistence. But even if that were to occur, the plan of restitution in this case falls woefully short of its primary purpose of making the victim whole. Using the 2010 post-judgment interest rate of 5% as a discount rate, the present value of $12,406.58 paid 40 years later would be $1,762.30, or 14.2% of the loss. Using an 8% discount rate yields the victim a present value benefit of $571.09, or 4.6% of the victim's actual loss. That certainly does not sound like a feasible plan to effect the primary purpose of restitution.

Most importantly, however, K.S.A. 2015 Supp. 21-6604(b)(1) must not be read in isolation. In a later subsection of the same statute on authorized dispositions, the legislature tells a sentencing judge what to do about restitution when the judge sends the defendant to prison, to-wit: "If the court commits the defendant to the custody of the secretary of corrections or to jail, the court may specify in its order the amount of restitution to be paid and the person to whom it shall be paid *if restitution is later ordered as a condition of parole, conditional release or postrelease supervision.*" (Emphasis added.) K.S.A. 2015 Supp. 21-6604(e). I read that language to mean that the sentencing judge is not the one to enter the restitution order; it will be ordered later as a condition of release from prison. That notion is corroborated by K.S.A. 2015 Supp. 22-3717(n), in which the legislature tells the prison review board how to handle restitution upon a prisoner's release, to-wit:

"If the court which sentenced an inmate specified at the time of sentencing the amount and the recipient of any restitution ordered as a condition of

12

parole or postrelease supervision, the prisoner review board shall order as a condition of parole or postrelease supervision that the inmate pay restitution in the amount and manner provided in the journal entry unless the board finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 22-3717(n).

Reading the language of subsections K.S.A. 2015 Supp. 21-6604(b) and (e), together with the parole and postrelease supervision procedures in K.S.A. 2015 Supp. 22-3717(n), I discern that K.S.A. 2015 Supp. 21-6604(b)(1) means that if the circumstances actually known by the court at the time of sentencing (without speculating about future lottery wins or an inheritance from a rich uncle) will not allow for the development of a current definitive plan for the defendant to pay the restitution, the court need not include an order of restitution as part of the sentence and thereby create an immediate judgment under subsection (b)(2) that will be uncollectible. If the unworkability of a present plan for restitution payments coincides with the sentencing court's commitment of the defendant to the custody of the Secretary of Corrections, as happened here, subsection (e) of K.S.A. 2015 Supp. 21-6604 directs the sentencing court to make factual findings as to the appropriate amount and recipient of restitution, should restitution be "later ordered" as a condition of release. Then, the sentencing court passes that information on to the Department of Corrections in the order of commitment. Finally, the prison review board uses the district court's findings to make the order of restitution as a condition of parole or postrelease supervision, unless that "board finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 22-3717(n).

Under that straightforward interpretation of the statutes, an order of restitution is entered at a time when the information is available to determine whether the plan of restitution is workable. In this case, that time will be when the prisoner review board releases Holt on postrelease supervision. Accordingly, I would vacate that part of Holt's

13

sentence that orders restitution and remand for the district court to include in the commitment journal entry its factual findings as to the amount and the recipient of the restitution, so that restitution may be later ordered by the prisoner review board, if appropriate at that time.