NOT DESIGNATED FOR PUBLICATION

No. 118,624

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DIANE R. NEISES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed November 2, 2018. Affirmed in part, vacated in part, and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON and POWELL, JJ.

POWELL, J.: Diane R. Neises appeals the district court's restitution order, arguing the restitution plan requiring her to pay $390.48 per month as a condition of her probation is unworkable. We disagree because Neises failed to meet her burden to show unworkability and therefore affirm that part of the restitution order. However, because there is ambiguity in the district court's total restitution amount, we must vacate that part of the restitution order and remand for a correction.

1

Neises entered into a plea agreement with the State in which she pled guilty to one count of theft between $1,000 and $25,000; one count of theft between $25,000 and $100,000; and one count of unlawful acts concerning computers. Under the agreement, (1) Neises stipulated that her thefts caused a loss of $48,428.69 to the victim, her former employer; (2) if the district court granted probation, Neises agreed to serve an extended 60-month probation term; and (3) Neises acknowledged that the State would request that she make a minimum monthly payment to her former employer as a condition of probation based on her representations that she could and would pay restitution.

At sentencing, however, Neises' counsel advised the district court that Neises did not have a lot of funds to make a monthly restitution payment but that Neises knew she had to make payments and requested that the district court set a monthly payment amount based on Neises' statements. Neises claimed she wanted to pay restitution but a $390 monthly payment was too high because she was on disability; because she had to pay insurance for her five-year-old daughter; and because she and her husband had adopted their eight-year-old grandson and were attempting but had not yet obtained support for his care. Neises also claimed she was unsure if her marriage would survive.

The State asked the district court to follow the plea agreement. The owners of the business that had been victimized by Neises' crimes and which had employed her, Paul Rhodes and Travis Mounts, each requested that if the district court granted Neises probation, that it order her to make a minimum monthly payment of $390.48 per month, which would cover the business' loss beyond what insurance did not cover. Rhodes explained that the business had suffered a total loss of $48,428.69 and settled with its insurance company for $25,000, leaving an unreimbursed out-of-pocket loss of $23,428.69. The State requested that the restitution payments go first to the business and second to the insurance company.

The district court sentenced Neises to 30 months in prison but granted her probation from that prison sentence for 60 months. The court also ordered restitution, but the hearing transcript contains differing restitution amounts. According to the transcript, the district court ordered Neises to pay total restitution of $48,284.69. As a condition of her 60-month probation, Neises was ordered to make monthly payments of $390.48 until the $23,428.69 of restitution owed to the business was repaid. Restitution in the amount of $25,000 was also ordered to be paid to the insurance company. However, when adding up the two restitution figures, the total amounts to $48,428.69, which is the amount requested by the business owners and is reflected in the journal entry. Any restitution payments made by Neises would first be applied to that owed the business. Neises appeals the restitution order.

Neises' sole argument on appeal is that the district court abused its discretion in rejecting her contention that the $390.48 per month restitution plan was unworkable.

> "We review whether a plan of restitution would be unworkable for an abuse of discretion. Judicial discretion is abused if no reasonable person would agree with the decision or if the decision is based on an error of law or fact. To the extent this question requires interpretation of the restitution statute, our review is de novo. [Citations omitted.]" *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018).

The party asserting an error on appeal "'bears the burden of demonstrating an abuse of discretion.' [Citation omitted.]" *State v. Ashley*, 306 Kan. 642, 650, 396 P.3d 92 (2017).

Under K.S.A. 2017 Supp. 21-6604(b)(1), a district court shall order a defendant "to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." Our Supreme Court has explained: "'The design of this provision makes clear that restitution is the rule and a finding that restitution is unworkable the exception. It also leads us to conclude that it is defendant's burden to

3

come forward with evidence of his or her inability to pay.'" *Meeks*, 307 Kan. at 816-17 (quoting *State v. Goeller*, 276 Kan. 578, 583, 77 P.3d 1272 [2003], *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 [2015]).

> "[U]nworkability should be evaluated on a case-by-case basis. . . . District courts should use this flexible guideline to evaluate each defendant's unique circumstances before deciding whether the defendant has shown a plan would be unworkable. Some of the factors relevant to the court's inquiry will be the defendant's income, present and future earning capacity, living expenses, debts and financial obligations, and dependents. In some circumstances, the amount of time it will take a defendant to pay off a restitution order will also be relevant, especially if the defendant is subject to probation until the restitution is paid in full. In all circumstances, the district court should keep in mind the ultimate goals of restitution: compensation to the victim and deterrence and rehabilitation of the guilty. [Citations omitted.]" *Meeks*, 307 Kan. at 820.

At the hearing, Neises claimed, without any supporting evidence, that a $390 monthly payment was too high because she was on disability, had to pay her minor daughter's insurance, had to care for her grandson, and was unsure if her marriage would survive.

Neises specifically argues that the district court should have inquired more into her ability to pay restitution based on her statement that the $390 monthly payment was "way too much." However, it was Neises' burden to come forward with evidence showing the restitution plan was unworkable. See 307 Kan. at 816-17. As the State correctly argues, our Supreme Court has held that a district court has no statutory duty—unlike in BIDS fee assessments according to K.S.A. 22-4513 and *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006)—to independently make a record of a defendant's financial circumstances if the defendant fails to contest the restitution amount as unworkable. See *State v. King*, 288 Kan. 333, 357, 204 P.3d 585 (2009). The record shows that the district

4

court did inquire of Neises and she replied that she did not have anything further to add to her otherwise uncorroborated statements.

Neises compares her case to the panel's decision in *State v. Herron*, 50 Kan. App. 2d 1058, 335 P.3d 1211 (2014), *rev. denied* 301 Kan. 1049 (2015). There, the district court granted Herron 18 months' probation after revoking her diversion agreement for failure to pay $6,864.10 in restitution under the agreement. Herron argued that any restitution plan was unworkable based on her low income—she explained she made $680 a month at Subway but paid $392 per month for her car, health insurance, and rent. Herron also stated after buying food at $161.10 per month, she was left with only $32 per week for items like soap, medicine, and socks. In response, the State suggested that Herron could make a $10 per month payment as a workable restitution plan. Overruling her objection, the district court ordered Herron to pay $6,864.10 in restitution. On appeal, the panel found that, based on the evidence, "no reasonable person would agree that requiring Herron to pay either $6,864.10 in 18 months or $10 a month for the next 57 years is workable. The district court erred here by adopting only a total restitution amount while providing no plan—workable or otherwise—for paying it." 50 Kan. App. 2d at 1065-66.

Similarly, in *State v. Orcutt*, No. 101,395, 2010 WL 348281, at *5-6 (Kan. App. 2010) (unpublished opinion), another panel of this court held a restitution plan ordering the defendant to pay $625 per month was unworkable based on the following evidence:

> "Orcutt testified he received $980 per month in social security and after paying for rent, utilities, groceries, and medication he had no money left. Orcutt also testified that he is bipolar. He explained it is difficult for him to hold anything with his left hand and he has difficulty driving. Orcutt stated he has tried to obtain employment. He additionally testified he has no real estate, has no bank accounts, and owns no vehicle. He testified that both his personal and real property were foreclosed upon in a civil action filed by the bank."

5

In contrast to *Herron* and *Orcutt*, here the district court's restitution plan ordered Neises to pay a set amount—$390.48 per month—during a 60-month probation term. Neises presented very little evidence that her income, assets, debts, future ability to earn income, future living expenses, or dependents rendered her unable to pay the $390.48 per month. See *Meeks*, 307 Kan. at 820. In fact, beyond her bare statements to support her assertion, Neises presented no evidence of the amount she receives in disability or that she pays her daughter's insurance. Neises did not meet her burden to show that the plan was unworkable. Because a reasonable person could agree that the $390.48 per month restitution plan was workable, the district court did not abuse its discretion.

Finally, we must the address the district court's total restitution figure because it is ambiguous. Although neither party challenges the total amount of restitution as erroneous, the hearing transcript reflects conflicting restitution amounts and the district court's total restitution figure pronounced from the bench differs from the journal entry. The hearing transcript shows the district court set the total amount of restitution at $48,284.69. However, the individual restitution amounts the court ordered of $23,428.69 to the business and $25,000 to the insurance company add up to $48,428.69, which corresponds to the journal entry amount. The difference equals $144.

Whether a sentence is illegal is a question of law over which we exercise unlimited review. *State v. Gray*, 303 Kan. 1011, 1013, 368 P.3d 1113 (2016). An appellate court "may correct an illegal sentence *sua sponte*." *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013). "An illegal sentence is defined as '"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served."' [Citations omitted.]" *Gray*, 303 Kan. at 1014.

Here, the district court's pronounced restitution total differs from the sum of the individual restitution amounts it ordered and from the total recorded in journal entry. While we presume the district court simply misspoke, the differences make the total restitution amount ambiguous and, therefore, illegal. Accordingly, we must vacate the total restitution order and remand to the district court for a correction.

Affirmed in part, vacated in part, and remanded with directions for the district court to correct the total amount of restitution ordered.