NOT DESIGNATED FOR PUBLICATION

No. 124,905

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS LEE BOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Submitted without oral argument. Opinion filed December 29, 2023. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, deputy district attorney, *Thomas R. Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., HURST, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: After pleading guilty to two counts of distribution of methamphetamine, Boyd sought to withdraw his plea which the district court denied. Boyd does not appeal the district court's denial of his motion to withdraw but claims the district court wrongly ordered him to pay lab fees to the Kansas Bureau of Investigation (KBI). The record demonstrates that Boyd was convicted of drug-related offenses, the KBI lab conducted testing to investigate those convictions, and the district court correctly ordered Boyd to pay $800 in KBI lab fees. Affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

Reno County police officers set up controlled buys of methamphetamine from Boyd on three different occasions in December 2020. On February 24, 2021, the KBI tested and detected methamphetamine in each of the three substances obtained from the controlled buys. On May 5, 2021, the State charged Boyd with three counts of distribution of methamphetamine in violation of K.S.A. 2020 Supp. 21-1507 based on the three controlled buys.

As part of a plea agreement, the State dismissed a separate pending case and one of the counts of distribution of methamphetamine in this case and amended the remaining two distribution counts to severity level three drug felonies. Boyd pled guilty to both amended counts of distribution of methamphetamine on July 22, 2021. Shortly thereafter, and before sentencing, Boyd's counsel moved to withdraw Boyd's plea. On September 17, 2021, Boyd filed a separate pro se motion to withdraw his plea in which he also requested new counsel. Boyd's new counsel filed a third motion to withdraw Boyd's plea on September 20, 2021. After an evidentiary hearing on November 30, 2021, the district court denied Boyd's motions to withdraw his plea.

According to the presentence investigation (PSI) report, Boyd had a criminal history score of A. The current offense portion of the PSI report also included that Boyd owed, among other costs, $800 for KBI lab analysis fees. The district court sentenced Boyd to a 78-month presumptive prison sentence and ordered Boyd to pay the $800 KBI lab fee and other court costs.

Boyd appealed, alleging the district court erred in denying his motion to withdraw his plea and assessing the KBI lab analysis fee. Since filing his appeal, Boyd withdrew his claim that the district court erred in denying his motion to withdraw and presently pursues only his claim that the district court erred in assessing the KBI lab fee to him.

DISCUSSION

Boyd's only argument on appeal is that the district court erred in assessing and ordering him to pay the $800 KBI lab fee. Boyd contends that the State failed to demonstrate that the KBI performed any lab tests and thus the district court erred in assessing the fee. Before addressing Boyd's claim, this court must first determine if his claim is preserved for appeal.

Boyd failed to object to the district court's order that he pay the $800 KBI lab fee at the sentencing hearing. Generally, objections not raised before the district court cannot be raised for the first time on appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). However, this court recognizes several exceptions to that general prohibition, including when the issue raised for the first time on appeal involves only a question of law that is finally determinative of the case and arises on proved or admitted facts. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Additionally, Kansas Supreme Court Rules require an appellant to explain why an issue that was not raised before the district court should be considered for the first time on appeal. Supreme Court Rule 6.02(a)(5) (2023 Kan. S. Ct. R. at 36).

Boyd argues that his claim fee should be considered for the first time on appeal because he raises a purely legal question arising from proved or undisputed facts. The State argues that Boyd's claim is not based on proved or admitted facts because Boyd contends the State failed to prove the KBI performed testing, but the State points to the KBI lab report included in the appellate record to refute that claim. The timing of Boyd's objection is important because his failure to object to the district court meant the State had no reason to present additional evidence of the KBI lab testing to the district court. In other words, because Boyd failed to object the State was unaware that Boyd questioned the testing and thus had no reason to present additional evidence of the testing conducted. By failing to object to the district court, Boyd seeks to use the alleged absence of such

evidence on appeal to demonstrate error. However, Boyd's failure to object does not prevent this court's review because the record on appeal does not contain evidentiary conflicts.

When an appellant—as here—seeks review of an unpreserved claim by arguing it is a legal issue based on proven facts, the appellate court has discretion to review that claim so long as the resolution would not "require the court to make factual findings such as credibility determinations, resolving evidentiary conflicts, and reweighing evidence." *Allen*, 314 Kan. at 284. Although Boyd failed to raise his argument to the district court, the record on appeal clearly contains evidence that the KBI conducted lab tests to investigate Boyd's convictions. So, although the parties appear to make contradictory allegations—the facts are not actually in dispute.

A party cannot create a factual dispute by merely asserting contradictory allegations or disputing a clearly established fact. See, e.g., *Korytkowski v. City of Ottawa*, 283 Kan. 122, 132, 152 P.3d 53 (2007) (finding that plaintiffs' unsupported, conclusory allegations did not create a factual dispute preventing summary judgment). The record on appeal contains the KBI lab report clearly demonstrating that the KBI conducted and charged for lab testing. Moreover, the current offense portion of the PSI report, which was presented to and reviewed by the district court, states that Boyd owed $800 for KBI lab fees. Boyd's claim is a question of law that is finally determinative of the issue and arises on undisputed facts, which meets an exception permitting this court's review for the first time on appeal.

Boyd's claims require this court to interpret a statute—K.S.A. 28-176—which presents a question of law subject to unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021). This statute provides that a sentencing court shall order a person convicted or adjudicated for certain offenses "to pay a separate court cost of $400 for every individual offense if forensic science or laboratory services . . . are provided, in

4

connection with the investigation," by the KBI. K.S.A. 28-176(a). When a defendant is convicted of multiple counts, the Kansas Supreme Court has held that K.S.A. 28-176 authorizes the sentencing court to order the defendant to pay that KBI lab fee for each count. *State v. Goeller*, 276 Kan. 578, 584, 77 P.3d 1272 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

Boyd argues only that the State failed to present evidence that the KBI performed testing, and thus the district court was not permitted to impose a fee pursuant to K.S.A. 28-176. As Boyd correctly points out, a panel of this court found that an earlier counterpart to K.S.A. 28-176 "only allows for fees when 'laboratory services . . . are provided.'" *State v. Peeples*, No. 120,010, 2020 WL 110868, at *7 (Kan. App. 2020) (unpublished opinion). Unlike the facts here, the State originally charged Peeples with various drug and nondrug offenses, but later dismissed the drug charges and "acknowledge[d] that the KBI lab fee was not ordered at the time of sentencing" and that any error adding the charges in the journal entry could be corrected. 2020 WL 110868, at *7. Relevant here, the *Peeples* panel held that the plain language of the statute required an assessment of the KBI lab fee when lab services were rendered for the convicted offenses. 2020 WL 110868, at *7.

Unlike *Peeples*, Boyd pleaded guilty to two charges for distribution of methamphetamine for which the district court was required to assess a fee for the KBI lab services pursuant to K.S.A. 28-176. At the plea hearing, the district court asked Boyd if he "in fact participate[d] in the distribution of some methamphetamine" on the 11th and 15th of December in the amount of "somewhere between a gram and three and a half grams" to which Boyd said, "Yes, sir." As a part of his plea agreement, Boyd also agreed to pay costs associated with the case, although those costs were not specified at the plea hearing. While it does not appear that at the time of sentencing Boyd requested a copy of the KBI lab report demonstrating the test results, his choice to avoid evidence of the

testing does not create a factual dispute or mean that the State failed to demonstrate the testing.

The PSI report stated that Boyd owed $800 for KBI lab analysis fees. The State argues that it is standard practice in felony sentencing cases in Reno County for the State to provide Court Services with a copy of the KBI lab test results in preparation of the PSI report. After receiving the PSI report, Boyd never requested any information or evidence regarding the KBI lab tests or results.

Despite Boyd's failure to object to the district court about the KBI fee assessment, the record on appeal contains the forensic laboratory reports from the KBI and the PSI report containing the fee assessment. There is no reason to believe the KBI reports contained in the record differ from the reports provided to Court Services for preparation of the PSI report. The KBI lab reports contain testing methodologies, weight, and results for three separate substances tested on February 24, 2021, identified as methamphetamine through the testing.

Pursuant to a plea agreement, the State dismissed one count of distribution of methamphetamine, and Boyd pled guilty to the remaining two amended counts of distribution of methamphetamine. Unlike the facts in *Peeples*, here the defendant was convicted of drug-related offenses, the PSI report submitted to the district court demonstrated that the KBI lab conducted testing for which the defendant should be charged, and the record on appeal contains the KBI lab reports evidencing the testing that occurred.

CONCLUSION

The record on appeal clearly demonstrates that the KBI provided laboratory services related to investigating Boyd's charged offenses. Boyd pled guilty and was

6

convicted of two drug-related offenses for which the evidence shows the KBI conducted lab testing. Therefore, pursuant to K.S.A. 28-176, the district court correctly ordered Boyd to pay $800 in KBI lab fees.

Affirmed.