NOT DESIGNATED FOR PUBLICATION

No. 125,398

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL LEACH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed August 16, 2024. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., ATCHESON and PICKERING, JJ.

PICKERING, J.:  After entering pleas of guilty to robbery and aggravated battery, Michael Leach was sentenced to prison and ordered to pay $13,173.39 in restitution to the victims. For the first time on appeal, Leach objects to the district court's restitution order, arguing that the district court was required to inquire whether the amount of the restitution was objectionable or unworkable. After our review, we find the district court did not err and affirm.

In February 2022, Leach entered guilty pleas to one amended count of robbery and one amended count of aggravated battery. The charges stemmed from an incident in January 2021 when Leach and two accomplices unlawfully entered a private residence where a couple was residing. Leach and his accomplices confined one resident to a bathroom while they beat the other resident and stole various items such as computers, documents, currency, and the couple's 2006 Chevrolet Equinox.

In return for Leach's guilty pleas, both parties suggested under the written plea agreement that Leach should be sentenced to the highest number within the appropriate guideline grid box for each count and that the sentences should be served concurrently. The State also requested that the district court order restitution be paid to the victims for $13,173.39, jointly and severally with the codefendant, and to propose to the Kansas Department of Corrections (DOC) that the restitution judgment should be a requirement for postrelease supervision. Leach acknowledged his rights and entered his pleas. During the plea hearing, the State mentioned that defense counsel had requested joint and several restitution with the codefendant, which was then included in the agreement.

At the sentencing hearing, the State asked the district court to recommend a prison sentence and restitution amount of $13,173.39, payable to the victims as a condition of postrelease supervision. The district court then asked the defense counsel if he agreed, to which the defense counsel stated, "Judge, we're also asking that you follow the plea agreement, so we agree with what [the State] said." The district court sentenced Leach to 128 months in prison and ordered him to pay $13,173.39 in restitution, jointly and severally with the codefendant.

Leach has appealed to this court.

*Preservation*

For the first time on appeal, Leach challenges the district court's restitution order. He acknowledges that he did not object during his sentencing hearing. We exercise de novo review when determining whether an issue is properly preserved for appellate review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

Generally, an issue not raised before the district court will not be considered on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). We have, however, recognized three exceptions to this general rule: "'[T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case'"; consideration of the theory "'is necessary to serve the ends of justice or to prevent the denial of fundamental rights'"; and the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Additionally, a party "'seeking to raise an issue for the first time on appeal must assert the exceptions.'" *Daniel*, 307 Kan. at 430. An appellant must explain why an issue not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019); Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36). Even if an exception may apply, our "'decision to review an unpreserved claim under an exception is a prudential one.'" *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

Leach does acknowledge that he did not object to the district court's order of restitution at sentencing. Leach, however, states that his argument does not fit within any of the three exceptions listed above. Instead, he contends that he should be "relieved" from any obligations to object to the ordered restitution because the district court failed to

inquire whether the State's requested restitution "is objectionable or unworkable." Yet, Leach's argument does fit within one of the three exceptions. As the State recognized, this issue requires a statutory interpretation of K.S.A. 2020 Supp. 21-6604, which is a question of law. As such, because this issue is a question of law arising on proved or admitted facts and is "finally determinative of the case," we will consider this issue.

*Analysis*

*Standard of review*

Our review is unlimited because this case involves an issue of statutory interpretation of K.S.A. 2020 Supp. 21-6604, which is a question of law. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016).

*A district court's obligations under K.S.A. 2020 Supp. 21-6604*

At sentencing, when required, the district court "shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime." K.S.A. 2020 Supp. 21-6604(b)(1). Under 2020 Supp. K.S.A. 21-6604(b)(1)(B): "Restitution shall be due immediately unless . . . the court finds compelling circumstances that would render restitution unworkable, either in whole or in part. . . . If the court does find restitution unworkable, either in whole or in part, the court shall state on the record in detail the reasons therefor." See *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018).

Leach argues that under K.S.A. 2020 Supp. 21-6604(b)(1), the district court is required to consider whether the restitution is objectionable or unworkable when ordering restitution. In other words, the district court must sua sponte raise the issue of whether the defendant's restitution amount is unworkable before imposing restitution.

4

In support of his argument, Leach notes that in *State v. Holt*, 305 Kan. 839, 839, 390 P.3d 1 (2017), our Supreme Court recognized that "[s]tate law requires a sentencing court in a criminal case to order restitution 'unless [it] finds compelling circumstances which would render a plan of restitution unworkable.'" From *Holt's* ruling, Leach asserts that the district court erred by not inquiring whether the restitution plan would be a "'workable'" plan, including identifying "how the restitution amounts would be paid."

The State responds that the restitution statute "makes it clear that restitution is the rule, and finding restitution unworkable is the exception," and the defendant must present evidence in support of his or her argument to establish that the restitution is unworkable. *Meeks*, 307 Kan. at 816-17, 820. And, the State noted, Leach's attorney had agreed to the restitution amount.

*We address the role of the district court when imposing restitution.*

The question of whether the district court is required to make findings as to whether the proposed restitution is "unworkable" before imposing an order of restitution was addressed in *State v. Goeller*, 276 Kan. 578, 77 P.3d 1272 (2003), *overruled in part on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The *Goeller* court considered K.S.A. 2002 Supp. 21-4603d(b)(1), which mandated that the sentencing court shall order restitution "'unless the court finds compelling circumstances which would render a plan of restitution unworkable.'" The *Goeller* court found this to mean that "[t]he design of this provision makes clear that restitution is the rule and a finding that restitution is unworkable the exception. . . . [I]t is a defendant's burden to come forward with evidence of his or her inability to pay." 276 Kan. at 583.

Later, in *State v. King*, 288 Kan. 333, 354, 204 P.3d 585 (2009), the Kansas Supreme Court clarified that a district court is "not required to make findings on the record regarding the defendant's ability to pay restitution before it could impose an order

of restitution." There, the defendant, King, challenged his restitution for the first time on appeal, arguing that the district court was required to consider whether he had the ability to pay the restitution.

In our Supreme Court's decision in *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006), a landmark case, the court established the rule that under K.S.A. 22-4513 a district court must inquire on the record regarding the defendant's ability to pay BIDS attorney fees. The *King* court granted review of the restitution issue "*to underscore the distinction* between the requirements for restitution under K.S.A. 2006 Supp. 21-4603d(b)(1) [now K.S.A. 21-6604] and those for reimbursement of fees to the Board of Indigents' Defense Services (BIDS) under K.S.A. 22-4513[.]" (Emphasis added.) *King*, 288 Kan. at 354.

In comparing the two statutes, the *King* court noted that the BIDS attorney fees statute, K.S.A. 22-4513(b), stated that "'[i]n determining the amount and method of payment of such sum, the court *shall take account* of the financial resources of the defendant and the nature of the burden that payment of such sum will impose.'" (Emphasis added.) *King*, 288 Kan. at 357. In contrast, the *King* court found no such language in the restitution statute, mandating that the court inquire about the defendant's ability to pay the restitution. 288 Kan. at 357. Since K.S.A. 2006 Supp. 21-4603d(b)(1) did not require a district court to make a workability determination before ordering restitution, the *King* court followed *Goeller* and confirmed that "'it is defendant's burden to come forward with evidence of his or her ability to pay.'" *King*, 288 Kan. at 358; *Goeller*, 276 Kan. at 583. Because King had not come forward with evidence of his inability to pay, there was no evidence that the restitution amount was unworkable. The *King* court therefore found that the district court had properly ordered restitution. 288 Kan. at 358.

*Goeller* and *King* show us that if a defendant challenges the workability of restitution, the defendant must present evidence of his or her inability to pay in order to sustain his or her burden of establishing unworkability. In *Meeks*, 307 Kan. at 819-20, our Supreme Court found that because K.S.A. 21-6604(b)(1) does not define "'unworkable,'" courts are left to determine unworkability case by case. Consequently, absent a defendant presenting evidence of his or her inability to pay, "the restitution order is presumed to be workable." *State v. Taylor*, 317 Kan. 364, 368, 530 P.3d 431 (2023). We find that the district court did not err when imposing restitution.

Affirmed.